IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN M. FARROW | : | |
| | : | |
| v. | : | Civil No. CCB-06-2324 |
| | : | |
| CAPITAL ONE AUTO FINANCE, Inc. | : | |
| | : | |
| | : | |

**MEMORANDUM**

John Farrow ("Mr. Farrow"), representing a class of similarly situated plaintiffs, has sued Capital One Auto Finance ("Capital One") for violations of the Fair Credit Reporting Act ("FCRA"). Capital One has moved for judgment on the pleadings, arguing that the mailer it sent to Mr. Farrow constituted a firm offer of credit under the FCRA. The parties have fully briefed the motions and no hearing is necessary. *See* Local Rule 105.6. For the reasons articulated below, Capital One's motion will be granted.

**BACKGROUND**

In 2006, John Farrow received a mailer from Capital One Auto Finance offering him an auto financing loan. (Compl. Ex. 1.) The mailer stated that he was "Pre-Approved" for "Up to $30,000" with "No Money Down." On the back of the mailer, a paragraph labeled "PRE-SCREEN AND OPT-OUT NOTICE" contained the following statement: "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria, including providing

1

acceptable property as collateral."  Also on the back of the mailer, under the heading "IMPORTANT INFORMATION," were the following terms and conditions: the minimum amount financed was at least $10,000; the applicant must have a monthly income of at least $1,500; the applicant cannot be in open bankruptcy; the offer was good for 30 days; the applicant may need to trade in a current vehicle to close an existing auto finance loan, and the offer was good only for models within the past seven years and excluded certain makes.  (Compl. Ex. 1 at 2, Def's Mem. Supp. Mot. J. Pleadings at 6.)

Mr. Farrow has sued Capital One, claiming that the company willfully violated FCRA when it obtained his credit report without a permissible purpose; specifically, he alleges that the mailer he received did not constitute a "firm offer of credit" because the offer "is so vague and lacking in terms as not to constitute an 'offer capable of acceptance.'" (Compl. at ¶ 11.)  In his complaint, Mr. Farrow argues that to be an offer capable of acceptance, a promise of credit must specify "the amount of the credit," "the rate of interest," and "the duration of the credit." (*Id.*) Capital One has moved for judgment on the pleadings, claiming that the mailer did constitute a firm offer of credit, and that even if it did not, Capital One's conduct was not willful as a matter of law.[1]

## ANALYSIS

The standard for evaluating a motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.

---

[1]Because the mailer constituted a firm offer of credit, there was no violation of FCRA; thus, there is no need to reach the question of whether Capital One's behavior was willful.

2

1999) ("[V]iewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion."). Following the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 127 S. Ct. at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969 (quoted in *Goodman v. PraxAir*, 494 F.3d 458, 466 (4th Cir. 2007). Moreover, the "plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, provides:

> The term "firm offer of credit or insurance" means any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer.

*Id.* at § 1681a(*l*). The offer may be further conditioned on several factors, including the consumer meeting specific criteria bearing on creditworthiness, verification that the consumer continues to meet the specific criteria used to select her for the offer, and the furnishing of any required collateral. *Id.* at § 1681a(*l*)1)-(3). Regarding the additional conditions that may be placed on a "pre-qualified" candidate, the Fifth Circuit has noted that the FCRA "permits a creditor to make a 'conditional' firm offer of credit; that is, an offer that is conditioned on the consumer meeting the creditor's previously-established criteria. . . . [A] firm offer of credit

3

under the Act really means a firm offer if you meet certain criteria." *Kennedy v. Chase Manhattan Bank USA, N.A.*, 369 F.3d 833, 841 (5th Cir. 2004) (internal quotations omitted).

The FCRA also mandates that certain disclosures be made within the credit solicitations. 15 U.S.C. § 1681m(d). Each written solicitation must contain a "clear and conspicuous statement" of the following:

> (A) information contained in the consumer's consumer report was used in connection with the transaction;
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness [creditworthiness] or insurability under which the consumer was selected for the offer;
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 604(e) [15 USCS § 1681b(e)].

*Id.* at § 1681m(d)(1)(A)-(E).[2] The statement must also include the address and telephone number where the consumer may request that his information no longer be disclosed for prescreening purposes. *Id.* at § 1681m(d)(2).

The Fourth Circuit has not addressed the issue of what types of credit solicitations

---

[2] The statute does not establish a private right of action for failure to include a "clear and conspicuous" disclosure statement. *See* 15 U.S.C. § 1681m(h)(8); *see also Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1061-62 (N.D. Cal. 2006) (explaining that the Fair and Accurate Credit Transactions Act of 2003 amended FCRA to make it clear that there is no private right of action for violations of § 1681m).

constitute firm offers of credit.³  Several courts in this and other circuits, however, have examined the issue, and their approaches are instructive; the majority of courts have concluded that firm offers of credit exist where the credit offer is honored if the consumer meets specific criteria, and where the conditions attached to acceptance of the offer are permissible under FCRA.  *See, e.g.*, *Soroka v. J.P. Morgan Chase & Co.*, 500 F. Supp. 2d 217 (S.D.N.Y. 2007); *see also Crossman v. Chase Bank USA NA*, No. 07-116-CWH, 2007 WL 2702699 (D.S.C. Sept. 12, 2007).⁴

A court in the Eastern District of Michigan recently examined a mailer virtually identical

---

³Specifically, the Fourth Circuit has not adopted the test initially formulated by the Seventh Circuit, under which a firm offer of credit must convey some value to the consumer sufficient to lift it above a sham or solicitation.  *See, e.g., Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004).  Even the Seventh Circuit, however, does not require that "a 'firm offer of credit'. . . meet a state law definition of an offer." *Sullivan v. Greenwood*, 499 F. Supp. 2d 83, 87 (D. Mass 2007).  Additionally, a more recent decision by the Seventh Circuit noted that when examining a FCRA claim, "a court need only determine whether the four corners of the offer satisfy the statutory definition . . ., and whether the terms are honored when consumers accept." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 956 (7th Cir. 2006).  *See also Perry v. First Nat'l Bank*, 459 F.3d 816, 825 (7th Cir. 2006) (holding that a credit offer worth approximately $75 constituted a "firm offer of credit" because, although the offer might not be "an attractive deal for the great majority of consumers," the card could be used for any type of purchase and was "not without value").

One of the factors that argued against the *Cole* offer's being of sufficient value was the paltry amount of guaranteed credit ($300), and the fact that it could only be used to purchase a car.  389 F.3d at 728.  *See also Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658 (D. Md. 2005) (concluding that guarantee of $300 in credit was not of sufficient value to constitute a firm offer of credit where consumer had to spend the credit at defendant's dealership, and there were no cars for sale at $300).  Credit offers such as Capital One's may be distinguished from the type of offer made in *Cole*.  *See Soroka v. JP Morgan Chase & Co.*, 500 F. Supp. 2d 217, 223 (S.D.N.Y. 2007) (noting that the amount of credit was more than "nominal," and "Defendants were not attempting to sell Plaintiff any other products in conjunction with the offer of credit, as were the defendants in *Cole*").  In this case, the minimum amount to be financed was $10,000, and the creditor and car dealer were two separate entities.  (Compl. Ex. 1.)

⁴*Crossman* is cited not for its precedential value but for its reasoning, and because it is one of the few decided cases on this issue within the Fourth Circuit.

to the one in the instant case, produced by the same defendant.  In *Phinn v. Capital One Auto Finance*, 502 F. Supp. 2d 625 (E.D. Mich. 2007), the defendant's motion to dismiss was granted on the ground that FCRA does not require that an offer of credit contain all material terms.  In examining a mailer that offered "up to $25,000 in auto financing . . . to [purchase a] car, truck or SUV," *id.* at 627, the court noted the presence of additional, statutorily permissible restrictions on the offer.  Specifically rejecting the plaintiff's argument that the absence of interest rates and terms of repayment rendered the document illegal under FCRA, the court concluded that "the mailer extended Plaintiff an offer of credit between $10,000 and $25,000, provided that Plaintiff meet additional criteria.  Under the plain language of the FCRA, this is all that is required to constitute a 'firm offer of credit.'" *Id.* at 629.

The statutory definition of FCRA only requires that Capital One have made an offer of credit which will be honored if Mr. Farrow meets the relevant and statutorily permissible criteria.  *See* 15 U.S.C. § 1681b(a) (defining "firm offer of credit").  This definition "differs from what might be considered a firm offer in other business contexts or at common law in that such an offer may be conditioned on the consumer's meeting certain requirements after the offer is made."  *Soroka*, 500 F. Supp. 2d at 221-22.   Those requirements include whether the consumer meets the creditworthiness criteria established by the lender before the mailing of the offer, verification that the consumer continues to meet that criteria, and the furnishing of collateral.  Id. at § 1681a(l).  The mailer in this case clearly stated that, in order to accept the offer of credit, the consumer must have a minimum monthly income of $1,500, must be 18 years of age, must not be in open bankruptcy, and must provide acceptable property as collateral.  (Compl. Ex. 1, Def's Mem. Supp. Mot. J. Pleadings at 6.)  Mr. Farrow has not alleged that Capital One would not

6

have extended him credit had he applied and met the appropriate criteria.

Moreover, Mr. Farrow has failed to name any disclosures that are required by FCRA but not made in the mailer he received from Capital One.  Because FCRA lists other required disclosures in § 1681m(d), under the statutory construction canon of *inclusio unius est exclusio alterius*, courts "should not imply any additional disclosure requirements."  *Phinn,* 502 F. Supp. 2d at 629.  "If Congress had wanted to require that loan amounts, interest rates, or payback times be specified in a 'firm offer,' it could have done so."  *Dixon v. Shamrock*, 482 F. Supp. 2d 172, 176 (D. Mass. 2007).  Additionally, some courts have pointed out that "[e]very consumer and every lender has a common understanding that [] loans are made for a definite period of time, [and] that banks charge interest for lending money," *see, e.g., Poehl v. Countrywide Home Loans, Inc.*, 464 F. Supp. 2d 882, 886 (E.D. Mo. 2006), a fact which makes the mandatory disclosure of such terms in the initial credit offer less necessary.

Significantly, the disclosure of material terms such as interest rates and repayment periods is specifically covered by a different statute - the Truth in Lending Act.  *See Soroka*, 500 F. Supp. 2d at 222 (noting that "the disclosure of such terms is governed by other statutes within the Consumer Credit Protection Act. . . . The TILA requires these disclosures at a point in the credit transaction subsequent to a FCRA firm offer, that is, at the time that the consumer is provided with an application or before the transaction is completed.")  The fact that FCRA is silent on the issue of material terms, and that TILA is very clear about what is required, suggests that Congress did not intend to require that firm offers of credit under FCRA contain all material pricing information.

## CONCLUSION

Because FCRA does not require that an offer of credit disclose all material terms, and because the mailer that Mr. Farrow received met the statutory criteria for a firm offer of credit, Capital One has committed no violation of FCRA. As such, Capital One's motion for judgment on the pleadings will be granted.

|  |  |
|---|---|
| November 9, 2007 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |